## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7163 | **DATE** | 5/14/2008 |
| **CASE TITLE** | Joyce A. Jennings vs. Bloomingdale's, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff Joyce Jennings's Motion for Reconsideration [6] is granted. Jennings's application to proceed *in forma pauperis* [4] is granted. This case may proceed on plaintiff's complaint under 42 U.S.C. § 1981 without her paying the $350 filing fee. Plaintiff is to provide the United States Marshals Service with a copy of the complaint and a proper form for service on the named defendant, and the Marshal is requested to serve the complaint and appropriate papers on the named defendant.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Joyce Jennings, a black woman, filed a complaint *in forma pauperis* under Title VII and 42 U.S.C. § 1981, alleging that her former employer, Bloomingdale's, Inc., discriminated against her because of her race. On January 7, 2008, this court denied leave to proceed *in forma pauperis* and dismissed the complaint on the ground that Jennings's claim under Title VII was time-barred. The court did not enter a Rule 58 judgment. Jennings now asks the court to reconsider the dismissal of her complaint, arguing that her claim under 42 U.S.C. § 1981 is timely.

    Because the court did not enter a Rule 58 judgment in this case, the court must construe Jennings's motion to reconsider as a timely filed motion to alter or amend under Rule 59(e). *See Borrero v. City of Chi.*, 456 F.3d 698, 699-70 (7th Cir. 2006). Under Rule 59(e), a district court may alter or amend a judgment if the petitioner demonstrates manifest error of law or presents newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Here, the court erred when it dismissed Jennings's claim under 42 U.S.C. § 1981 along with her Title VII claim for failure to file a complaint within 90 days of receiving a right-to-sue letter. Jennings has also demonstrated an inability to pay the filing fee in this case. Accordingly, Jennings's Motion for Reconsideration is granted. This case may proceed on Jennings's claim under 42 U.S.C. § 1981.

Courtroom Deputy Initials: