UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE A. JENNINGS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 07 CV 7163 |
| BLOOMINGDALE'S, INC., | ) |
| Defendant | ) |

**MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2), (4), AND (5)**

NOW COMES, Defendant Bloomingdale's, Inc. ("Bloomingdale's"), by and through its attorneys, Jill A. Cheskes of SmithAmundsen, LLC and as and for its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2),(4), and (5) states as follows.

**BACKGROUND FACTS**

On or about May 14, 2008, Plaintiff Joyce A. Jennings ("Jennings") filed a Complaint of Employment Discrimination arising from her employment with Bloomingdale's. In the Complaint she alleged that Bloomingdale's address was "900 N. Michigan Avenue, Chicago, Illinois. (Complaint, paragraph 3 attached as Exhibit A). In her Summons, Jennings identified Frank Fein ("Fein"), Personnel Services Consultant, 13576 Morocca Lane, DelRay Beach, Florida 33446 as the Defendant to be served with the Summons. (Summons attached hereto as Exhibit B). No other Summons has been issued in this case.

On June 17, 2008, Frank Fein was served with the Summons at his home in DelRay Beach, Florida. (Franklin Fein Affidavit attached hereto as Exhibit C.) Fein is not employed by Bloomingdale's. (Exhibit C) He is not an officer, director, or managing agent for

Bloomingdale's. (Exhibit C)  He is not a registered agent of Bloomingdale's. (Exhibit C) Bloomingdale's has never authorized him to receive service for it. (Exhibit C)  Fein is self-employed and the name of his company is Personnel Services Consultant. (Exhibit C) Bloomingdale's occasionally hires Fein on a case by case basis as an independent contractor to investigate and respond to certain EEOC complaints. (Exhibit C)  Bloomingdale's hired Fein to investigate and respond to Jennings' EEOC complaint in 2006 and 2007. (Exhibit C)

Bloomingdale's corporate headquarters is located at 100 Third Avenue, New York, New York.  (Suzanne Woodard Affidavit attached hereto as Exhibit D)  Bloomingdale's operates approximately 40 stores throughout the country, including four (4) in the Chicagoland area. (Exhibit D)  The Bloomingdale's address identified in Jennings' Complaint is the address for one of the Bloomingdale's stores that is located in Chicago. (Exhibit D)  Bloomingdale's was not served with Summons at this location or any of its other business locations. (Exhibit D)

## **LEGAL ANALYSIS**

Under Federal Rule of Civil Procedure 12(b), Bloomingdale's may raise certain defenses by motion.  Three of the defenses set forth in Fed. R. Civ. P 12(b) are applicable in this case – subparagraph (2) for lack of personal jurisdiction, subparagraph (4) for insufficient process, and subparagraph (5) for insufficient service of process.

Federal Rule of Civil Procedure 4(h) outlines the procedure required for service of summons on a corporation like Bloomingdale's.  Specifically, summons must be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(h)(1).  Service of process may also be made pursuant to the law of the state in which the district court is located.  Fed. R. Civ. Pro. 4(e)(1).  Illinois law is almost identical to

Rule 4(h).  It provides that a corporation can be served by leaving a copy of the process with the registered agent or any officer or agent of the corporation found anywhere in the state.  735 Ill. Comp. Stat. 5/2-204.

Jennings did not serve any person in the state of Illinois pursuant to §2-204.  Nor did she serve an officer or agent of Bloomingdale's.  Fein was not employed by Bloomingdale's, was not an officer, and was not authorized by Bloomingdale's to accept service for it.  The language of the Rule itself makes clear that an agent must have been "authorized by appointment or by law to receive such service of process."

Although Fein does have a law degree, this fact alone does not make him an agent.  Courts have consistently held that for an attorney to be considered an agent for process, he must have been appointed for that precise task.  *Schultz v. Schultz,* 436 F.2d 635 (7th Cir.1971); *Gibbs v. Hawaiian Eugenia Corp.,* 581 F.Supp. 1269, 1271 (S.D.N.Y.1984); *Miree v. United States,* 490 F.Supp. 768, 775 (N.D.Ga.1980); *United States v. Bosurgi,* 343 F.Supp. 815, 817 (S.D.N.Y.1972); *Durbin Paper Stock Co. v. Hossain,* 97 F.R.D. 639 (S.D.Fla.1982).

Fein has even less of a connection to Bloomingdale's than a retained attorney.  First, he was never hired as an attorney for Bloomingdale's as it relates to Jennings.  He responded to her EEOC complaint as an independent contractor and not as Bloomingdale's attorney.  Fein's last worked on Jennings' EEOC claim was in September 2007.  Finally, Mr. Fein was never appointed by Bloomingdale's to receive its service of process.

Since Mr. Fein is located in Florida, is not an employee of Bloomingdale's, is not an officer or an agent appointed to receive service of process, Jennings' service of the Summons upon Fein was improper service under Fed. R. Civ. P. 12(b)(4) and (5) and the Complaint should be dismissed.

Because the service of process was improper, this court does not have personal jurisdiction over Bloomingdale's.  See, Joe Hand Promotions v. Cherry, 2002 WL 368518,*1 (N.D.Ill. March 6, 2002).  Because there is no personal jurisdiction, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Additionally, while this matter is not properly before the Court due to the lack of proper service of process, if and when Plaintiff properly serves Bloomingdales, Bloomingdale's will be moving to stay this matter as a valid and enforceable arbitration agreement exists between the parties.  However, as Bloomingdale's is not properly before the Court, it reserves its right to raise this issue in the future, should proper service be effected.

WHEREFORE, Defendant, Bloomingdale's, Inc., moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) for all the reasons stated herein and for any other relief that the Court deems just and appropriate.

Dated this 7nd day of July, 2008

/s/ Jill A. Cheskes
Jill A. Cheskes, Esq.
Smith Amundsen, LLC
150 N. Michigan Ave. Ste 3300
Chicago, Illinois 60601
312-894-3367
312-894-3210 (Fax)
*Attorney for Defendant*