Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.), 82 Fair Empl.Prac.Cas. (BNA) 286  
**(Cite as: Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.))**

Page 1

C  
Bauer v. Morton's of Chicago  
N.D.Ill.,2000.

United States District Court, N.D. Illinois, Eastern Division.  
Louise J. BAUER, Plaintiff,  
v.  
MORTON'S OF CHICAGO, Defendant.  
**No. 99 C 5996.**

Feb. 9, 2000.

MEMORANDUM OPINION AND ORDER

ANDERSEN, District J.

*1 This case is before the court on the motion of defendant, Morton's of Chicago ("Morton's") to dismiss plaintiff Louise J. Bauer's complaint pursuant to Fed.R.Civ.P 12(b)(1) and 12(b)(3), or, in the alternative, to compel arbitration pursuant to Section 2 of the Federal Arbitration Act ("FAA"). For the reasons stated below, we grant the motion to dismiss and to compel arbitration.

BACKGROUND

On October 29, 1992, Bauer began working for Morton's. As a condition of her employment, Bauer signed a handbook receipt in 1992, 1993, 1997, and 1998 acknowledging that she had received and read a copy of management's guidelines and agreed to abide by its terms and any revisions made thereafter.

At some point after Bauer began employment in 1992, but before February 13, 1998, Morton's added a Mandatory Arbitration Policy And Procedure For Resolving Disputes Arising Out Of Its Employment ("Arbitration Policy") as part of its employees' agreements for continued employment. This Arbitration Policy includes the following arbitration clause:

In the event of any dispute, claim, or controversy including, but not limited to, any dispute, claim, or controversy seeking compensatory and/or punitive damages ("claims")arising out of any Employee's employment or cessation of such employment with Morton's of Chicago, Inc. ("Morton's"), any such claims, on an individual or class basis, shall be submitted to final and binding arbitration. Such claims include, but are not limited to, any federal, state, or local statutory claims (including... claims pursuant to Title VII of the Civil Rights Act of 1964, as amended...)

On February 13, 1998, Bauer signed an Arbitration Policy Receipt acknowledging that she has received and read the Arbitration Policy. In the Arbitration Policy Receipt, Bauer agreed that she understood this Arbitration Policy superseded any other agreement she may have regarding her employment with Morton's. On April 1, 1999, Bauer was discharged from her employment with Morton's.

On September 10, 1999, Bauer filed this four count action alleging that she was subjected to gender discrimination, a hostile work environment, and retaliation for complaining about the harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

DISCUSSION

A motion to dismiss a complaint does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to the plaintiff. *Wilson v. Formigoni,* 42 F.3d 1060, 1062 (7th Cir.1994). Dismissal is properly granted if "it is clear that no relief could be granted under any set

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 2**

Case 1:07-cv-07163    Document 15-5    Filed 07/29/2008    Page 2 of 3

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.), 82 Fair Empl.Prac.Cas. (BNA) 286
**(Cite as: Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.))**

of facts that could be proved consistent with the allegations."*Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1993).

*2 As a preliminary matter, we note that arbitration agreements are governed by the FAA which provides that an arbitration clause "shall be valid, irrevocable, and enforceable save upon such grounds as exist in law or equity for the revocation of any contract ."9 U.S.C. § 2. The FAA's purpose is to "reverse the long-standing judicial hostility to arbitration agreements... and to place arbitration agreements upon the same footing as other contracts."*Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). Accordingly, courts must give due regard to the federal policy favoring arbitration and resolve ambiguities as to the scope of the arbitration clause in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 524 U.S. 52 (1994).

I. *Bauer's Agreement to Arbitrate Is Enforceable*

In order to determine whether a claim is arbitrable, we must determine: 1) whether there is an agreement to arbitrate; 2) whether the claims fall within the scope of the agreement; and 3) whether there has been a waiver. *Gilmer,* 500 U.S. at 24-34.

A. *An Enforceable Agreement to Arbitrate Exists*

Bauer agreed to arbitration when she signed the Arbitration Policy Receipt. Bauer, however, argues that the Arbitration Policy is unenforceable because it is not supported by sufficient consideration.

In support of her argument, Bauer relies on the Illinois Supreme Court ruling in *Doyle v. Holy Cross Hospital,* 186 Ill.2d 104, 708 N.E.2d 1140 (1999). In *Doyle,* the defendant issued employees a handbook including provisions for separation from employment. The defendant, years later, added disclaimers providing that the employees are now "at-will" employees, subject to termination at any time. The plaintiff claimed that the new provisions regarding employment should be invalidated because the defendant unilaterally altered the handbook to the employee's disadvantage without sufficient consideration. The court held that:

Because the defendant was seeking to reduce the rights enjoyed by the plaintiffs under the employee handbook, it was the defendant, and not the plaintiffs, who would properly be required to provide consideration for the modification. But in adding the disclaimer to the handbook, the defendant provided nothing of value to the plaintiffs and did not itself incur any disadvantage. In fact, the opposite occurred: the plaintiffs suffered a detrimentthe loss of rights previously granted to them by the handbookwhile the defendant gained a corresponding benefit. *Doyle,* 186 Ill.2d at 112.

In the instant case, the ruling in *Doyle* does not apply. The Arbitration Policy is not attempting to change unilaterally any existing contract between Bauer and Morton's. Further, any arguably unilateral change that may have been made does not disadvantage Bauer nor lead her to suffer some detriment that Morton's does not suffer. In fact, in a similar case, the Seventh Circuit found sufficient consideration from the fact that both parties agreed to arbitrate with each other. *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 637 (7th Cir.1999). In that case, the Court held that the signature of an employee to be bound by arbitration in the same agreement to which the employer agrees to be bound by the same arbitration agreement clearly indicated a mutual promise, binding on both parties, and thus is sufficient consideration. *Id.*

*3 Similarly, in this case, Bauer signed an agreement to be bound to the Arbitration Policy. The language used in the Arbitration Policy unambiguously points out that each party is bound by the same arbitration terms. The Arbitration Policy continuously uses the phrase "each party" when explaining the rights, procedures, and terms of the policy. The use of these phrases clearly establishes a mutual promise between Bauer and Morton's. Thus, Bauer suffers no disadvantage or reduction of rights, and we

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 3
Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.), 82 Fair Empl.Prac.Cas. (BNA) 286
**(Cite as: Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.))**

find that the Arbitration Policy is supported by sufficient consideration. Therefore, an enforceable agreement to arbitrate is present in this case.

B. *Bauer's Employment Claims Fall Within the Scope of the Arbitration Policy*

Second, we examine whether Bauer agreed to arbitrate the specific claims presented in her complaint. At the time Bauer signed the Arbitration Policy Receipt, the Arbitration Policy contained the clause:

In the event of any dispute, claim, or controversy including, but not limited to, any dispute, claim, or controversy seeking compensatory and/or punitive damages ("claims") arising out of any Employee's employment or cessation of such employment with Morton's of Chicago, Inc. ("Morton's"), any such claims, on an individual or class basis, shall be submitted to final and binding arbitration. Such claims include, but are not limited to, any federal, state, or local statutory claims (*including... claims pursuant to Title VII of the Civil Rights Act of 1964 as amended...*) (emphasis added).

The claims raised in this lawsuit relate solely to Bauer's employment and the termination of her employment with Morton's. Therefore, Bauer's claims arise out of her "employment or the cessation of such employment with Morton's" and involve an alleged violation of Title VII. Thus, Bauer's claims fall within the scope of the Arbitration Policy, and Bauer specifically has agreed to arbitrate these claims.

C. *There Has Been No Waiver of the Right to Arbitrate*

The final element in determining whether a claim is arbitrable is to determine whether there has been a waiver of the right to arbitrate. In this case, there has been no such waiver, nor does any party argue that a waiver has occurred. Therefore, all of the elements necessary for Bauer's claims to be arbitrable have been met.

II. *Arbitration Does Not Deprive Bauer of Procedural Rights*

Bauer argues that compulsory arbitration unfairly deprives her of a right to a jury trial for her Title VII claims. The Supreme Court in *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 29 (1991), has rejected this argument. The *Gilmer* Court concluded that compulsory arbitration of an Age Discrimination in Employment Act ("ADEA") claim does not deprive the plaintiff of the right to proceed in a judicial forum. *Id.*

Moreover, numerous courts have concluded that Title VII claims, like ADEA claims, also can be subjected to compulsory arbitration. *See, e.g., Koveleskie v. S.B.C. Capital Markets, Inc.,* 167 F.3d 361, 365 (7th Cir.1999); *Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634 (7th Cir.1999); *Bender v. A.G. Edwards & Sons, Inc.,* 974 F.2d 698, 700 (11th Cir.1992*); Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d 229, 230 (5th Cir.1991); *Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 309 (6th Cir.1991). We agree with the position of these courts. Therefore, we reject Bauer's argument that mandatory arbitration deprives her of procedural rights.

CONCLUSION

*4 For the foregoing reasons, we grant the motion of defendant, Morton's of Chicago, to dismiss the plaintiff's complaint and compel arbitration. This is a final and appealable order.

It is so ordered.

N.D.Ill.,2000.
Bauer v. Morton's of Chicago
Not Reported in F.Supp.2d, 2000 WL 149287 (N.D.Ill.), 82 Fair Empl.Prac.Cas. (BNA) 286

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.