Westlaw.

218 Fed.Appx. 519                                                                                                       Page 1
218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.))
**(Cite as: 218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.)))**

H

Scaffidi v. Fiserv, Inc.
C.A.7 (Wis.),2007.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Seventh Circuit Rule 32.1. (Find CTA7 Rule 32.1)
United States Court of Appeals,Seventh Circuit.
Mia B. SCAFFIDI, Plaintiff-Appellant,
v.
FISERV, INC., Defendant-Appellee.
**No. 06-3123.**

Submitted Feb. 14, 2007.
Decided Feb. 28, 2007.
Rehearing and Rehearing En Banc Denied April 11, 2007.[FN*]

>   FN* The Honorable Daniel A. Manion did not participate in consideration of the petition for rehearing en banc.

**Background:** Employee brought action against her former employer, alleging claims for gender discrimination and retaliation in violation of Title VII. The United States District Court for the Eastern District of Wisconsin, J.P. Stadtmueller, J., 2006 WL 2038348, granted employer's motion to compel arbitration, and employee appealed.

**Holdings:** The Court of Appeals held that:
(1) employee's arbitration agreement with her former employer was valid and binding;
(2) arbitration agreement was not unconscionable; and
(3) employer did not waive its right to arbitrate by waiting until 16 months after employee was fired to request arbitration.

Affirmed.

West Headnotes

**[1] Alternative Dispute Resolution 25T ⇌ 134(1)**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(B) Agreements to Arbitrate
         25Tk131 Requisites and Validity
            25Tk134 Validity
                25Tk134(1) k. In General. Most Cited Cases

**Alternative Dispute Resolution 25T ⇌ 134(2)**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(B) Agreements to Arbitrate
         25Tk131 Requisites and Validity
            25Tk134 Validity
                25Tk134(2) k. Consideration. Most Cited Cases
Under Wisconsin law, employee's arbitration agreement with her former employer was valid and binding, where arbitration agreement was part of employer's offer of employment, employee accepted that offer by accepting employment, and arbitration agreement was supported by sufficient consideration in form of employee's salary.

**[2] Alternative Dispute Resolution 25T ⇌ 116**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(A) Nature and Form of Proceeding
         25Tk116 k. What Law Governs. Most Cited Cases
Under Wisconsin choice-of-law rules, law of Wisconsin, where both parties were citizens and contract was to be performed, governed arbitration agreement signed by employee when she was hired.

**[3] Alternative Dispute Resolution 25T ⇌ 133(2)**

25T Alternative Dispute Resolution
   25TII Arbitration

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 3**

218 Fed.Appx. 519                                                                                                   Page 2
218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.))
**(Cite as: 218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.)))**

25TII(B) Agreements to Arbitrate
   25Tk131 Requisites and Validity
      25Tk133 Formal Requisites
         25Tk133(2) k. Writing, Signature, and Acknowledgment. Most Cited Cases
Arbitration agreements do not have to be signed to be valid.

**[4] Contracts 95 €→1**

95 Contracts
   95I Requisites and Validity
      95I(A) Nature and Essentials in General
         95k1 k. Nature and Grounds of Contractual Obligation. Most Cited Cases
Adhesion contracts generally are valid under Wisconsin law.

**[5] Alternative Dispute Resolution 25T €→132**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(B) Agreements to Arbitrate
         25Tk131 Requisites and Validity
            25Tk132 k. In General. Most Cited Cases
Arbitration agreement signed by employee when she was hired had mutuality of obligation, required under Wisconsin contract law, since employer was equally bound to arbitrate any of its claims that were covered by agreement.

**[6] Alternative Dispute Resolution 25T €→ 134(6)**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(B) Agreements to Arbitrate
         25Tk131 Requisites and Validity
            25Tk134 Validity
               25Tk134(6) k. Unconscionability. Most Cited Cases
Absence of specific term concerning attorney fees did not make arbitration agreement signed by employee when she was hired unconscionable under Wisconsin law.

**[7] Alternative Dispute Resolution 25T €→181**

25T Alternative Dispute Resolution
   25TII Arbitration
      25TII(D) Performance, Breach, Enforcement, and Contest
         25Tk177 Right to Enforcement and Defenses in General
            25Tk181 k. Applicant's Default, Delay, or Laches. Most Cited Cases
Under Wisconsin law, employer did not waive its right to arbitrate by waiting until 16 months after employee was fired to request arbitration of her gender discrimination and retaliation claims under Title VII, where delay was caused by parties' attempts at mediation, and employer demanded arbitration one month after employee filed her complaint. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

*520 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 05-C-1046. J.P. Stadtmueller, Judge.
Mia B. Scaffidi, Mequon, WI, pro se.
John R. Sapp, Michael Best & Friedrich, Milwaukee, WI, for Defendant-Appellee.

Before Hon. MICHAEL S. KANNE, Circuit Judge, Hon. ILANA DIAMOND ROVNER, Circuit Judge, Hon. DIANE S. SYKES, Circuit Judge.

**ORDER**

**\*\*1** Mia Scaffidi sued her former employer, Fiserv, Inc., claiming gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17. The parties had executed an arbitration agreement when Scaffidi was hired, so Fiserv moved to compel arbitration. The district court granted the motion. Scaffidi now appeals, arguing that the arbitration agreement is unenforceable for various reasons. We affirm.

Fiserv hired Scaffidi in September 2001 as an assistant vice president for marketing at its headquarters in Brookfield, Wisconsin. At the time she was

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-07163   Document 15-6   Filed 07/29/2008   Page 3 of 4

218 Fed.Appx. 519                                                                                                          Page 3
218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.))
**(Cite as: 218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.)))**

hired, Scaffidi signed a document entitled "Mutual Agreement to Arbitrate Claims," which provides, in relevant part, that the "parties agree to submit to arbitration any and all disputes arising from or related to ... claims of discrimination or sexual harassment during the employment relationship, or the termination of employment between the parties for which a court otherwise would be authorized by law to grant relief." The employment relationship eventually soured, and in June 2004 Scaffidi was discharged. She hired counsel and tried to resolve her differences with Fiserv through mediation, both before and after complaining to the Equal Employment Opportunity Commission. These efforts proved unsuccessful, and Scaffidi then filed her Title VII action in October 2005. Relying on the arbitration agreement, Fiserv moved to dismiss her complaint and compel arbitration. The district court concluded that the arbitration agreement was valid and that it covered Scaffidi's claims of gender discrimination and retaliation.

On appeal Scaffidi argues that the arbitration agreement was invalid because it lacks key contractual elements and is unconscionable. She also contends that Fiserv waived its right to arbitrate. We review de novo a district court's decision to compel arbitration. *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir.2006). Whether the parties agreed to arbitrate is a matter of state contract law, in this case the law of Wisconsin. *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 806 (7th Cir.2003). And in Wisconsin, arbitration clauses in employment contracts are presumed to be valid. *Wis. Auto Title Loans, Inc. v. Jones*, 290 Wis.2d 514, 714 N.W.2d 155, 163 (2006).

[1] Scaffidi argues that, in her case, no binding contract was formed because, she says, there was never an offer, or acceptance, or consideration. But under Wisconsin law an employer's promise to hire can serve as an offer, and the employee's *521 service constitutes both acceptance of the offer and consideration. *See Dunn v. Milwaukee County*, 279 Wis.2d 370, 693 N.W.2d 82, 86 (2005); *see also Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490-91 (7th Cir.2004) (explaining that employee's salary is sufficient consideration for arbitration clause in employment contract). Here the arbitration agreement was a part of Fiserv's employment offer. By accepting employment with Fiserv, Scaffidi agreed to arbitrate the very types of claims included in her lawsuit.

**2 [2][3] Scaffidi also contends that no contract was formed because its "governing law" paragraph was still incomplete when she signed, and because Fiserv's personnel manager executed the document instead of a corporate officer. Someone at the company later wrote "WI" on a blank in the "governing law" paragraph, but that step was unnecessary. Under Wisconsin choice-of-law rules, contract rights are determined by the law of the jurisdiction "with which the contract has its most significant relationship." *State Farm Mut. Auto. Ins. Co. v. Gillette*, 251 Wis.2d 561, 641 N.W.2d 662, 670-71 (2002) (quotation marks and citation omitted). Here both parties are Wisconsin citizens, and the contract was performed in Wisconsin, so Wisconsin law applied by default. *See id.* at 671 (holding that Wisconsin law governed insurance contract between corporation doing business in Wisconsin and Wisconsin resident for vehicles located in Wisconsin). As to Scaffidi's further assertion that the agreement is invalid because no corporate officer signed it, arbitration agreements do not have to be signed to be valid. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 736 (7th Cir.2002).

[4][5][6] Scaffidi next argues that the arbitration agreement is unconscionable because it is an adhesion contract, it "lacks mutuality of obligation," and it does not provide for the award of attorney's fees to the prevailing party. But adhesion contracts generally are valid, *Wis. Auto Title Loans*, 714 N.W.2d at 170, and we see no reason to invalidate this contract. We have repeatedly rejected the argument that arbitration clauses are unconscionable because they do not contain opt-out provisions. *See Carbajal v. H & R Block Tax Servs.*, 372 F.3d 903,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-07163 Document 15-6 Filed 07/29/2008 Page 4 of 4

218 Fed.Appx. 519
Page 4
218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.))
(Cite as: 218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.)))

905-06 (7th Cir.2004); *Oblix,* 374 F.3d at 490-91 (noting that unconscionability argument has been "rejected in this circuit as often as it has been raised"); *but see Wis. Auto Title Loans,* 714 N.W.2d at 173 (arbitration clause in short-term loan contract allowing for 300 percent interest was unconscionable since borrower but not lender was required to arbitrate). And, despite Scaffidi's claim to the contrary, mutuality of obligation does exist because Fiserv is equally bound to arbitrate any of its claims that are covered by the agreement. *See Erickson Oil Prods. v. State,* 184 Wis.2d 36, 516 N.W.2d 755, 759 (1994) (explaining that mutuality of obligation means only that both parties or neither party must be bound). Finally, the absence of a specific term concerning attorney's fees does not make the arbitration agreement unconscionable. *See Hawkins,* 338 F.3d at 807.

[7] Scaffidi last contends that Fiserv waived its right to arbitrate. Under Wisconsin law, a party can waive its right to arbitration through conduct or agreement. *See Kimberly Area Sch. Dist. v. Zdanovec,* 222 Wis.2d 27, 586 N.W.2d 41, 49 (1998). Fiserv did not explicitly agree to waive its arbitration rights, but Scaffidi argues that the company did so implicitly because it waited until 16 months after she was fired to request arbitration. We must examine the totality of the circumstances in determining whether the party against whom waiver is to be enforced behaved consistently with the right to arbitrate. *522Sharif v. Wellness Int'l Network,* 376 F.3d 720, 726 (7th Cir.2004). Our examination in this case leads us to conclude that Fiserv did not waive its arbitration rights. The "delay" that Scaffidi references was caused by the parties' attempts at mediation. She did not file her complaint in district court until October 2005. Fiserv demanded that Scaffidi arbitrate approximately one month later, and then moved to compel arbitration one month after that. These actions demonstrate unequivocally that Fiserv wanted to arbitrate the claims. *See Welborn Clinic v. MedQuist, Inc.,* 301 F.3d 634, 637 (7th Cir.2002) (suggesting that party's motion to compel arbitration filed less than two months after complaint belied implied waiver argument).

**\*3** The judgment of the district court is AFFIRMED.

C.A.7 (Wis.),2007.
Scaffidi v. Fiserv, Inc.
218 Fed.Appx. 519, 2007 WL 648178 (C.A.7 (Wis.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.