Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.), 88 Fair Empl.Prac.Cas. (BNA) 654  
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.))**

Page 1

C  
Medina v. Hispanic Broadcasting Corp.  
N.D.Ill.,2002.

United States District Court, N.D. Illinois, Eastern Division.  
Xochiti MEDINA, Plaintiff,  
v.  
HISPANIC BROADCASTING CORP., Defendant.  
**No. 01 C 2278.**

March 12, 2002.

MEMORANDUM OPINION AND ORDER

LINDBERG, Senior J.

*1 Defendant Hispanic Broadcasting Corporation has moved to compel arbitration and dismiss plaintiff's complaint pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4. For the reasons stated below, defendant's motion is granted.

Plaintiff began working for defendant in early 1996. According to defendant's motion and accompanying exhibits, on August 31, 1999, plaintiff signed a Receipt and Acknowledgment of Employee Handbook, which stated:

I agree to submit all Disputes (as defined in the Company's ADR Policy, which I have received or acknowledge that I am entitled to receive upon a request to my local personnel representative or the Director of Human Resources), if any, regarding my termination or other covered Dispute to binding arbitration, within 180 days of termination, in accordance with the Company's ADR Policy, and to abide by and comply with any award rendered by the arbitrator. I understand that a neutral arbitrator rather than a judge or jury decides the Dispute, and a court may enter a judgment enforcing the arbitration award.

The Employee Handbook also describes the arbitration process. Plaintiff claims that defendant discriminated against her based on national origin, for failing to promote her in October 1999, and sexually harassed her. Plaintiff did not submit these claims to arbitration, but rather filed this case, alleging employment discrimination in violation of Title VII.

The FAA provides for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. See 9 U.S.C. §§ 3 and 4. These provisions "manifest a 'liberal federal policy favoring arbitration agreements.'" *E.E.O.C v. Waffle House, Inc.*, 122 S.Ct. 754, 762 (2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). To determine whether a claim is arbitrable, the court must determine whether (1) there is a valid and enforceable arbitration agreement, (2) the claims fall within the scope of the agreement, and (3) there has been no waiver. *Bauer v. Morton's of Chicago*, No. 99 C 5996, 2000 WL 149287, at *2 (N.D.Ill. Feb. 9, 2000) (citing *Gilmer*, 500 U.S. at 24-34.). The party opposing arbitration bears the burden of proving that the claim is not referable to an arbitration forum. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Plaintiff's laundry list of objections to defendant's motion boils down to essentially two arguments: (1) that the arbitration agreement is unenforceable because plaintiff did not enter the agreement knowingly and voluntarily, and because of a lack of consideration; and (2) that defendant waived its right to demand arbitration. The court considers each in turn.

I. Validity and Enforceability of the Arbitration Agreement

Agreements requiring arbitration of statutory claims, including discrimination claims brought pursuant to Title VII, are generally enforceable under the FAA. *See Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 362 (7th Cir.1999). To de-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 4**

Case 1:07-cv-07163   Document 15-7   Filed 07/29/2008   Page 2 of 4

Not Reported in F.Supp.2d                                                                                                           Page 2
Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.), 88 Fair Empl.Prac.Cas. (BNA) 654
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.))**

termine whether an arbitration agreement is valid, the court looks to the state law that governs contract formation. *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir.1997). Since the events of this dispute took place in Illinois, the court looks to Illinois contract law principles.

*2 Plaintiff contends that defendant must do more than merely offer plaintiff's signed agreement to show that plaintiff knowingly and voluntarily entered into the arbitration agreement. Claiming that she did not enter into the agreement knowingly and voluntarily, plaintiff states in an affidavit that she was not given an opportunity to read the document before she signed it. In addition, she states that the person who gave it to her told her that the document's purpose was simply to show that plaintiff had received the employee handbook. Finally, she states that she would not have signed the document if she had been informed that by doing so she gave up her right to pursue claims in a judicial forum.

The court finds plaintiff's arguments unpersuasive. It is a basic principle of contract law that an individual's failure to read a document before signing it does not render the document invalid. *See, e.g.,Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 (7th Cir.1989) ("it is no defense to say, 'I did not read what I was signing.' "); *Magnus v. Lutheran Gen. Health Care Sys.*, 601 N.E.2d 907, 915 (Ill.App.Ct.1992); *Bien v. Fox Meadow Farms Ltd.*, 574 N.E.2d 1311, 1315 (Ill.App.Ct.1991). Like any contract, an arbitration agreement may be nevertheless unenforceable if entered into due to fraud[FN1] or overwhelming economic power. *SeeMitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627 (1985). However, reliance on a misrepresentation is unreasonable as a matter of law where the fraud could have been discovered by simply reading the document. *SeeCozzi Iron & Metal, Inc. v. United States Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir.2001). Moreover, "[m]ere inequality in bargaining power ... is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer*, 500 U.S. at 33. Thus, plaintiff's assertion that she was told that the document was an acknowledgment of receipt of the employee handbook, and not that it included an arbitration agreement provision is not sufficient to excuse plaintiff of her duty to read this one-page document. Nor does plaintiff allege an overwhelming disparity in bargaining power. Plaintiff has failed to meet her burden of showing that the arbitration agreement was unenforceable because she did not knowingly and voluntarily execute it.

> FN1. However, courts may consider fraud in the inducement of the arbitration provision itself only, and not fraud in the inducement of a contract generally. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).

Plaintiff's assertion that defendant was not bound by the arbitration agreement is no more persuasive than her argument that she did not knowingly or voluntarily enter into the agreement. Illinois law regarding the mutuality of obligation-essentially, the common law principle of consideration-requires only that both parties be bound by the agreement. *S.J. Groves & Sons Co. v. State*, 444 N.E.2d 131, 134 (Ill.1982), *overruled on other grounds byRossetti Contracting Co. v. Court of Claims*, 485 N.E.2d 332, 335 (Ill.1985). The parties' obligations need not be identical. *Hofmeyer v. Willow Shores Condo. Ass'n*, 722 N.E.2d 311, 315 (Ill.App.Ct.1999). The Seventh Circuit has found sufficient consideration from the parties' mutual agreement to arbitrate with each other. *SeeMichalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 637 (7th Cir.1999).

*3 In this case, defendant agreed to be bound by arbitration. Plaintiff argues that defendant's agreement to arbitrate is illusory because the arbitration agreement establishes a process that is inherently biased in favor of defendant. As evidence of this bias, plaintiff claims that under the agreement, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-07163    Document 15-7    Filed 07/29/2008    Page 3 of 4

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.), 88 Fair Empl.Prac.Cas. (BNA) 654
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.))**

employee is not given the right to name the arbitrator or choose the time and location of the arbitration hearing, defendant is not bound by the arbitrator's order and can choose not to reinstate the employee following arbitration, defendant pays the arbitration fees, the arbitration process limits discovery, and the arbitrator is not bound by the rules of evidence.

Plaintiff's reliance on the Seventh Circuit's decision in *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753 (7th Cir.2001), to support her position that these factors render the arbitration agreement unenforceable, is misplaced. In *Penn*, an employer tried to enforce an arbitration agreement as a third-party beneficiary of a contract between its employee and an arbitration company. *Penn*, 269 F.3d at 755. The court held that that contract was unenforceable because it did not obligate the arbitration company to provide consideration to the employee in return for the employee's agreement to bring any disputes to the arbitration company instead of to a court. *Id.* at 759. The court emphasized that *Penn* was not "the conventional case in which the question is whether ... an alleged agreement between an employer and its employee to arbitrate various disputes is unenforceable for some reason," and noted that the fact that the employer in *Penn* was not a party to the arbitration agreement made the contract "quite a different animal." *Id.* at 755. Indeed, the court in *Penn* expressed concern that the district court had placed too much weight on the very factors that plaintiff would have this court find decisive here, such as that the arbitration process is funded by the employer, or that the process places limitations on discovery. *Id.* at 758.

In this case, plaintiff has offered no credible evidence of actual bias in the arbitration process in favor of defendant. Many of the factors she cites as evidence of bias are based on a misreading of defendant's arbitration procedure. For example, contrary to plaintiff's argument, the employee does participate in the selection of the arbitrator: if the parties do not agree on an arbitrator within a set period of time, each party is allowed to strike one prospective arbitrator from a list of three provided by the arbitration company, and there is no evidence that defendant somehow controls the arbitration company's pool of prospective arbitrators. As to plaintiff's claim of bias due to the employee's lack of input regarding the location of the hearing, the agreement provides that the hearing may be held at defendant's corporate offices only with the employee's consent, and that alternatively the hearing may be held at the local office of the arbitration company. Finally, as to plaintiff's criticism of the provision that requires the arbitrator to order a front pay award as an alternative to any award of reinstatement to the employee, this provision does not change the fact that the arbitrator's decision is binding on defendant, as well as the employee.

*4 The Supreme Court has repeatedly warned that, absent proof to the contrary, courts should not presume that arbitration systems are unfair or biased. *See, e.g.,Green Tree Fin. Corp.*, 531 U.S. at 89-90;*Gilmer*, 500 U.S. at 30. Given the lack of evidence of actual bias here, this court declines "to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious and impartial arbitrators."*SeeGilmer*, 500 U.S. at 30. Because the arbitration agreement imposes obligations on both sides, it does not fail for lack of consideration.

II. Waiver

Finally, plaintiff contends that defendant waived its right to enforce the arbitration agreement by not asserting this right during the Equal Employment Opportunity Commission's ("EEOC") investigation or during a settlement conference at the Illinois Human Resource Commission. To determine whether there has been a waiver, the court must examine whether, "based on all the circumstances, the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate."*Grumhaus v.. Comerica Sec., Inc.*, 223 F.3d 648, 650-51 (7th Cir.2000), *cert. denied,*532 U.S. 971 (2001).

Case 1:07-cv-07163    Document 15-7    Filed 07/29/2008    Page 4 of 4

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.), 88 Fair Empl.Prac.Cas. (BNA) 654
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.))**

The party asserting waiver bears a heavy burden, and the court does not lightly infer waiver. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 590 (7th Cir.1992). Participating in E.E.O.C. proceedings is not inconsistent with the right to arbitrate. *See, e.g., DeGroff v. MascoTech Forming Techs. Fort Wayne, Inc.*, 179 F.Supp.2d 896, 913 (N.D.Ind.2001); *DiCrisci v. Lyndon Guar. Bank of New York*, 807 F.Supp. 947, 954 (W.D.N.Y.1992). Nor is participating in settlement negotiations. *Dickinson v. Heinold Securities, Inc.*, 661 F.2d 638, 641 (7th Cir.1981). Here, defendant filed its motion to compel arbitration two months after it was served in this case. This delay is not significant enough to constitute waiver of defendant's right to enforce the arbitration agreement. Therefore, plaintiff's claims in this case are arbitrable.

III. Request for Dismissal

In addition to its request that the court compel arbitration, defendant requests that the court dismiss this action. The FAA provides that if the court determines that any issue is arbitrable pursuant to an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...."9 U.S.C. § 3. Although the FAA does not explicitly provide that a case subject to arbitration can be dismissed, this court agrees with other courts that have concluded that an action may be dismissed when all the claims within it are subject to arbitration. *See, e.g., Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir.1999); *Tupper v. Bally Total Fitness Holding Corp.*, No. 01-C-1137, 02-C-55, 2002 WL 334500, at *11-12 (E.D.Wis. Feb. 27, 2002); *Bloxom v. Landmark Publ'g Corp.*, 2002 WL 185551, at *6 (E.D.Tex. Feb. 5, 2002); *Milgrim v. Backroads, Inc.*, 142 F.Supp.2d 471, 476 (S.D.N.Y.2001); *Emeronye v. CACI Int'l, Inc.*, 141 F.Supp.2d 82, 88 (D.D.C.2001). Since this entire action is subject to arbitration, staying the action would serve no purpose. Therefore, defendant's motion to dismiss is granted.

*5 ORDERED: Defendant's motion to compel arbitration and dismiss the case is granted.

N.D.Ill.,2002.
Medina v. Hispanic Broadcasting Corp.
Not Reported in F.Supp.2d, 2002 WL 389628 (N.D.Ill.), 88 Fair Empl.Prac.Cas. (BNA) 654

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.